935 So.2d 630 (2006)
J.M.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-730.
District Court of Appeal of Florida, Second District.
August 11, 2006.
Rehearing Denied August 11, 2006.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
*631 Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
After finding that J.M.W. had committed the first-degree misdemeanors of battery and affray, the juvenile court withheld adjudication and placed her on probation. On this appeal, J.M.W. challenges both the finding that she committed the offense of affray and the order placing her on probation. We affirm without comment the order finding that J.M.W. committed the offenses of battery and affray. However, because the juvenile court did not indicate its intention regarding the length of J.M.W.'s supervision, we reverse the order placing her on probation and remand for the entry of a corrected probation order.
The juvenile court found J.M.W. guilty of two first-degree misdemeanors. A misdemeanor of the first degree is punishable by a definite term of imprisonment not exceeding one year. § 775.082(4)(a), Fla. Stat. (2004). J.M.W. was sixteen years old at the time of sentencing. The juvenile court orally pronounced that it would "withhold adjudication on both charges and place [J.M.W.] on probation." However, the juvenile court did not state the length of time that J.M.W. was to serve on probation, or whether the probation would be indefinite. In addition, the juvenile court did not make a notation of the length of probation time on the written probation order. The probation order read: "______ year(s); or until the date of the child's nineteenth (19) birthday, whichever comes first."
J.M.W. argues that the juvenile court improperly imposed an indeterminate period of probation that exceeds the statutory maximum penalty for the offenses for which she was found guilty. She points out that the probation order does not specify the length of time that she is to be on probation. J.M.W. filed a motion in the juvenile court to correct the probation order in accordance with Florida Rule of Juvenile Procedure 8.135(b)(2). Because the juvenile court did not properly dispose of the motion within the time provided in the rule, the motion is deemed denied. The State concedes that the probation order is unclear and that the order should be clarified.
A court with jurisdiction over "an adjudicated delinquent child" may place that child on probation for a period that "may not exceed the term for which sentence could be imposed if the child were committed for the offense." § 985.231(1)(a)(1)(a), Fla. Stat. (2004)[1]; A.W. v. State, 787 So.2d 149, 149 (Fla. 2d DCA 2001). However, in a case such as J.M.W.'s, where the juvenile court has withheld an adjudication of delinquency and placed the juvenile on probation, section 985.228(4) controls. Section 985.228(4) permits a juvenile court to place a child who "has committed a delinquent act" in a probation program while withholding adjudication. Further, unlike section 985.231, this section does not provide for a limitation on the length of the probationary term. § 985.228(4); N.W. v. State, 767 So.2d 446, 450 (Fla.2000); T.J. v. State, 743 So.2d 1158, 1159 n. 4 (Fla. 2d DCA 1999).
Here, the maximum sentence reflected in the probation orderuntil J.M.W.'s nineteenth birthdaywould be greater than the statutory maximum for her two misdemeanor offenses. Nevertheless, under *632 section 984.228(4) the juvenile court could have ordered an indeterminate period of supervision for J.M.W. Our concern with this probation order is that the juvenile court did not clearly state its intention for the length of J.M.W.'s probation. On review of the order, we are unable to determine whether the juvenile court intended an indefinite period of probation for J.M.W. or whether by oversight it omitted to state the period of her probation. "[B]ecause the withholding of adjudication may subject the juvenile to the jurisdiction and control of the court for a longer period than if an adjudication of delinquency occurs, the juvenile courts are required to fully inform the juvenile of such facts." N.W., 767 So.2d at 450. J.M.W. was entitled to be informed of the juvenile court's intention concerning the length of the period of her probation.
Accordingly, we reverse the probation order, and we remand for the entry of a corrected probation order that specifies the juvenile court's intention concerning the length of the period of J.M.W.'s probation.
Affirmed in part; reversed in part; and remanded with directions.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] The statute provides an exception for juveniles who are adjudicated delinquent for misdemeanors of the second degree and equivalent offenses. For such persons, the period of supervision may be for a period not to exceed six months.